U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 2 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CV-119-A |
| | § | (NO. 4:09-CR-059-A) |
| | § | |
| JORGES VALDES | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Jorges Valdes, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply, as well as a voluminous set of supporting documents. Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

The underlying criminal case against movant arose following events that occurred on February 7, 2009. Officers with the Grand Prairie Worth Police Department responded to a 911 call of a robbery at an apartment complex. The caller described the purported robber and the truck he was driving. Upon approaching the apartment complex from which the call originated, police

officers saw a truck matching the description given by the caller leaving the complex.

One of the officers, Officer Hickman ("Hickman"), activated his lights and siren and pursued movant, and also notified another officer, Officer Clinton ("Clinton"). After driving in an admittedly reckless manner while attempting to evade the police, movant eventually stopped in front of a residence. As movant was exiting the vehicle, Hickman saw him reach behind the seat of the truck like he was attempting to either retrieve an item or place something behind the seats. After movant was placed into custody, Clinton walked past the open driver's side door and saw a handgun in plain view behind the seat. Movant was arrested and on June 2, 2009, was charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Movant filed a motion to suppress, which the court considered at a hearing on July 24, 2009. After considering the evidence, the court denied the motion. Movant then pleaded guilty, and on November 6, 2009, the court sentenced movant to a term of imprisonment of 180 months, to be followed by a five-year term of supervised release. Movant appealed the denial of his motion to suppress, and the United States Court of Appeals for

the Fifth Circuit affirmed. United States v. Valdes, 403 F. App'x 885, 2010 WL 5029811 (5th Cir. Dec. 7, 2010).

II.

Grounds of the Motion

In the first ground, movant alleged that the warrantless search of his vehicle was not supported by exigent circumstances and violated his rights under the Fourth Amendment. As the second ground, movant alleged that prosecutors failed to prove beyond a reasonable doubt that the firearm was lawfully discovered and seized in plain sight, again in violation of his Fourth Amendment rights.

Movant alleged as the third ground that prosecutors knowingly used perjured testimony at his suppression hearing. The fourth ground alleged that prosecutors failed to preserve, and knowingly destroyed, material evidence, specifically, the video recordings from the patrol cars of other police officers who arrived at the scene of movant's arrest. In his fifth ground movant argued that seizure of the firearm violated the Supreme Court's rule as announced in Arizona v. Gant, 556 U.S. 332 (2009).

3

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

Although separated into five grounds, movant's motion in its entirety attempts to reargue issues raised during the hearing on his motion to suppress. The court decided the motion unfavorably to movant, and the Fifth Circuit affirmed this court's decision on appeal. It is well settled in the Fifth Circuit that issues

raised and disposed of on direct appeal cannot later be considered in a motion pursuant to § 2255. United States v. Webster, 392 F.3d 787, 791 & n.5 (5th Cir. 2004); United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Here, because movant challenged on appeal the denial of his motion to suppress, he cannot revisit that challenge in a collateral proceeding under § 2255. "The appellate process does not permit reruns," Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979), and movant is not entitled to a second bite of the apple on claims raised in his suppression hearing and considered on appeal.

Movant's first, second, and fifth grounds were all specifically addressed by the Fifth Circuit in movant's appeal, and under the authorities cited in the foregoing paragraph he is not entitled to raise them here.[1] The court will elaborate further on the third and fourth grounds of the motion, as it is clear neither affords movant any relief.

Ground three alleged that the government used perjured testimony during the suppression hearing. Specifically, in the papers attached to and submitted with the motion, movant

---

[1] In his second ground movant contends the government failed to prove "beyond a reasonable doubt" that the firearm was discovered in plain sight. Although not specifically addressed by the Fifth Circuit, this contention fails to help movant. The government's burden at the suppression hearing was a preponderance of the evidence, not proof beyond a reasonable doubt. United States v. Guerrero-Barajas, 240 F.3d 428, 432 (5th Cir. 2001).

complains of certain inconsistencies and contradictions between Hickman's testimony, the written reports prepared following movant's arrest, and the video recordings from Hickman's and Clinton's patrol cars. Movant's counsel questioned Hickman about the discrepancies during the suppression hearing. The court considered Hickman's explanations regarding the inconsistencies, and credited his testimony in denying the motion to suppress. The Fifth Circuit affirmed this court's findings. Ground three affords movant no relief.

In the fourth ground movant complains that video recordings from the patrol cars of other officers who arrived at the scene were destroyed, but that such recordings would have provided the most accurate representation of the circumstances surrounding his arrest. Movant alleged that the recordings were destroyed in bad faith to hide the truth.

Hickman testified at the suppression hearing that although each of the officers' cars was equipped with video recording equipment, he "never [knew] for sure" if the recorders were on but testified they usually were off until the officer activated the emergency lights or pushed the record button. Suppression Tr. at 24. Hickman also testified that the other officers arrived only after movant was in custody. It was thus unlikely

any of the other officers' video recordings would have yielded any information pertinent to movant's arrest, and movant's contentions in ground four are speculative, at best. Further, movant has provided nothing as would show the failure to preserve any video recordings was in bad faith.[2] Movant is entitled to no relief on ground four.

V.

ORDER

Therefore,

The court ORDERS that the motion of Jorges Valdes to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

---

[2] The court notes that two video recordings from the arrest were provided to movant's counsel prior to the suppression hearing. Movant's counsel viewed the video recordings and questioned Hickman about the contents during the suppression hearing.

denial of a constitutional right.

    SIGNED May 2, 2012.

                                          _____
                                          JOHN McBRYDE
                                          United States District Judge